UNITED STATES DISTRICT COURT JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. **CV 16-1285-JFW (KSx)** Date: March 2, 2016

Title: Gregory Ljunggren, et al. -v- Johnson and Johnson, et al.

**PRESENT:**

 **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

 **Shannon Reilly** None Present
 **Courtroom Deputy** Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:** **ATTORNEYS PRESENT FOR DEFENDANTS:**
 None None

**PROCEEDINGS (IN CHAMBERS):** **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

 On December 23, 2014, Plaintiff Gregory Ljunggren and Dorothy Ljunggren (collectively, "Plaintiffs") filed a Complaint against Defendants Johnson & Johnson, Depuy Orthopaedics, Inc., Yancey & Associates, and Gib Yancey (collectively, "Defendants") in Los Angeles Superior Court. On February 24, 2016, Defendants filed a Notice of Removal of Action under 28 U.S.C. Section 1441(b) (Diversity) ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

 Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendants bear the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

 Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). In Notice of Removal, Defendants state that Plaintiffs' Complaint alleges that they are residents of Los Angeles, California, and, therefore, "Defendants assume that Plaintiffs are citizens of the State of California absent any allegations to the contrary." Notice of Removal, ¶ 5. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of

residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  In addition, jurisdictional allegations based on assumptions are insufficient to confer jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  Therefore, Defendants have failed to demonstrate that complete diversity exists.

In addition, although Yancey & Associates and Gib Yancey are both citizens of California, Defendants contend that Yancey & Associates and Gib Yancey were fraudulently joined, and, thus, their presence in the lawsuit should be ignored.

"Although an action may removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'"  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted).  If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant.  *See id.* at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so."  *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  *See id.*

The Court concludes that Defendants have failed to carry their burden in demonstrating that Yancey & Associates and Gib Yancey have been fraudulently joined.  In their Complaint, Plaintiffs allege four claims against Yancey & Associates and Gib Yancey, including claims for negligence, strict products liability, breach of warranty, and loss of consortium.  Although Defendants claim that Plaintiffs cannot possibly prevail on their claims against Yancey & Associates and Gib Yancey, the Court cannot conclude that Plaintiffs have no possibility of stating a claim against these Defendants, and Defendants' argument is better raised in a demurrer, motion to dismiss, or motion

for summary judgment rather than a notice of removal.[1] Therefore, Defendants have failed to meet its burden of demonstrating that Yancey & Associates and Gib Yancey have been fraudulently joined.

Finally, Defendants contend that the amount in controversy exceeds $75,000 because "[i]t is widely recognized that personal-injury claims facially meet the $75,000 jurisdictional threshold." Notice of Removal, ¶ 19. However, the Complaint is devoid of any facts from which the Court can determine that the amount in controversy exceeds $75,000.

Therefore, the Court concludes that Defendants' conclusory allegations do not prove by a preponderance of the evidence that the jurisdictional amount is satisfied. *See, e.g., Tompkins v. C & S Wholesale Grocers,* Inc., 2011 WL 2710288, at *2 (E.D. Cal. July 11, 2011) (concluding that the defendants failed to demonstrate that the amount in controversy exceeded $75,000 based on the defendants' speculative assumption that the plaintiff worked ten hours of overtime per week); *Melendez v. HMS Host Family Restaurants,* Inc., 2011 WL 3760058, at *3 (C.D. Cal. Aug. 25, 2011) (concluding that the defendant's speculative assertions regarding front pay, which did not consider mitigating circumstances, were insufficient to show that the plaintiff would more likely than not receive an award for front pay); *Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998) (holding that the defendants could not meet the burden of demonstrating the amount in controversy "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."); *Gordon v. Allstate Insurance Co.*, 2010 WL 1949164 (D. Ariz. May 13, 2010) (holding that "while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case.").

For all the foregoing reasons, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1] Defendants' conclusion that Plaintiffs cannot state a claim against Yancey & Associates and Gib Yancey is based on facts that Defendants have assumed based on information and belief, which, as stated above, is an insufficient basis for this Court to make a factual determination.